# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIM. NO. 08CR-0205-01** |
| **VERSUS** | * | **JUDGE DOHERTY** |
| **DARIUS NATHANIEL FISHER** | * | **MAGISTRATE JUDGE HILL** |

# MEMORANDUM RULING AND ORDER

The defendant has filed a motion to reopen the detention hearing previously held herein on the grounds that the defendant has found new information which has a material bearing on the issue of whether or not he is a danger to the community. [Record Doc. 223]. The government opposes the motion, arguing that the defendant has no such new evidence. [Record Doc. 226]. For those reasons set out below, the Court grants the motion to reopen the detention hearing, and, after considering the newly discovered evidence, finds that the defendant has failed to rebut the presumption in favor of detention, and, therefore, the order of detention previously entered herein is continued in force.

## Background

The defendant was indicted along with nine co-defendants on July 16, 2008. The indictment charges the defendant with multiple drug offenses including conspiracy to possess with intent to distribute cocaine and cocaine base (crack), possession with intent to distribute cocaine and engaging in a continuing criminal enterprise as an organizer,

supervisor or leader. Based on these charges, the defendant faces, if convicted, mandatory life imprisonment. 21 U.S.C. § 848.

The defendant was arrested in Houston, Texas and a detention hearing was held before Magistrate Judge Milloy on September 11, 2008. After hearing the evidence, Judge Milloy detained the defendant holding that, while there were probably conditions of release that would reasonably assure his appearance at trial, there were no conditions which would reasonably assure the safety of the community pending trial. [Tr. 59].[1]

On October 8, 2008 the defendant moved for revocation of the detention order entered in Houston pursuant to 18 U.S.C. § 3145. [Record Doc. 144]. After a thorough review of the transcript of the detention hearing held by Judge Milloy, Judge Doherty denied the motion by Memorandum Ruling filed of record on December 3, 2008. [Record Doc. 217].

The defendant now argues that the detention hearing should be reopened because, after reviewing the discovery provided by the government, he has found information that he did not have at the time of the original detention hearing, and that this information has a material bearing on the issue of whether or not the defendant is a danger to the community. [Record Doc. 223, page 1]. At the hearing on the motion, the government conceded that the defendant did not have access to the evidence in question at the time of the detention hearing. The government argues, however, that this information is not

---

[1]The transcript of the hearing is filed in this record as Record Doc. 154.

"material".

At the detention hearing Special Agent Chad Berard, DEA ("Berard") testified regarding an intercepted telephone call which had been placed by the defendant and which apparently referred to the defendant's shooting two persons. Berard's testimony concerning this telephone call was one of the bases on which Judge Milloy ordered detention and on which Judge Doherty relied to deny the defendant's motion to revoke the detention order. [Record Doc. 227, page 12–13].

The defendant argues that in spite of the Government's argument to the contrary, and in spite of Berard's testimony, that the telephone call intercepted by the government refers to an occasion where the defendant was acting in self-defense to prevent his being robbed or carjacked. In support of that argument, the defendant attached a transcript of the telephone call to his motion. The government also attached a transcript of the telephone call to its opposition.[2]

At the hearing held before the undersigned on March 2, 2009, the only "new" evidence introduced was the transcript of the telephone call. The defendant argued that the testimony of Berard at the detention hearing regarding this telephone call was, at best, misleading, and that therefore the court should disregard the remainder of Berard's testimony. Additionally, the defendant argued that the transcript of the telephone call does not show the defendant to be a violent person, as suggested by Berard's testimony at

---

[2]The government also attached a recording of the telephone call to its opposition.

the detention hearing, but merely shows that the defendant was acting in self-defense. Counsel for the defendant refused to acknowledge that the telephone call made by the defendant, and intercepted by the government, even referred to a gun, arguing that supposition by the Government remained unproven.

The government argued that the intercepted telephone call made by the defendant clearly referred to the defendant having shot someone with a gun.[3]  Further, the government argued that the defendant, alleged in the indictment to be a co-leader of this drug operation, had failed to rebut the rebuttable presumption in favor of detention provided by 18 U.S.C. § 3142(e).

**Law and analysis**

The court has carefully reviewed the entire transcript of the original detention hearing held by Judge Milloy in Houston.  The evidence adduced at the hearing showed that the defendant was the cocaine supplier for the organization identified in the indictment. The government argues that the defendant was a co-leader of the organization, and the indictment makes that allegation.  The government has confirmed that at least 2 kilos of cocaine was provided by the defendant to this organization, and has evidence of at least 3 additional kilos being provided.  Additionally, approximately $130,000 of drug proceeds was seized by the government.

---

[3]It is clear from the transcript that the defendant had a gun and used it.

Without going into greater detail, Judge Doherty's Memorandum Ruling details the Government's evidence, which is clear and convincing, showing the defendant, Fisher, to be, at the very least, a large scale supplier of cocaine into the St. Martin Parish area. Even accepting the defendant's argument, that is, that the shooting in which the defendant was involved was self-defense and not drug related, the defendant has, nevertheless, failed to rebut the presumption that his release would constitute a danger to the community.

As Judge Doherty recognized, there was no evidence produced, either at the original detention hearing or at the re-opened detention hearing before the undersigned, that there was any condition of release available which would reasonably guarantee that the defendant would not continue selling drugs pending trial. As Judge Doherty recognized, drug trafficking has been recognized as a danger to the community by the Fifth Circuit. See, *e.g.*, *United States v. Hare*, 873 F.2d 796 (5th Cir. 1989) and *United States v. Rubin*, 794 F.2d 580 (5th Cir. 1992).

The evidence adduced at the original detention hearing showed that the defendant was engaged in drug trafficking from his residence, using the telephone. He continued these activities through the date of his arrest. The "newly acquired" evidence adduced by the defendant does nothing to rebut the presumption that the defendant's continued ability to traffic drugs through his residence would continue. At best, the transcript of the telephone call in question shows that the defendant acted to protect himself from a robbery. The fact that the defendant failed to notify local police of the attempted robbery

leads to the conclusion that the robbery may well have been drug-related.[4]

Finally, the defendant argues that his presumptive pretrial incarceration of over one year violates the due process clause. In that regard, the defendant relies on *United States v. Salerno*, 107 S.Ct. 2095 (1987) and the following language from *Hare, supra.*:

> In determining whether due process has been violated, a court must consider not only factors relevant in the initial detention decision, such as the seriousness of the charges, the strength of the government's proof that the defendant poses a risk of flight or a danger to the community, and the strength of the government's case on the merits, but also additional factors such as the length of the detention that has in fact occurred or may occur in the future, the non-speculative nature of future detention, the complexity of the case, and whether the strategy of one side or the other occasions the delay.

873 F.2d at 801.

The defendant was arrested on September 9, 2008. He has been detained since that date. Trial in this case is scheduled for September 28, 2009. Accordingly, the defendant will be in pretrial detention for over one year when trial commences. The undersigned is very familiar with this case, having met with counsel several times and having discussed with counsel potential trial dates.

Considering the factors set out by the Fifth Circuit in *Hare*, the court finds that the defendant's due process rights are not violated by the length of pretrial detention in this case. First, the length of pretrial detention is non-speculative. The trial date was selected after conferring with all counsel with due concern that the defendants have sufficient time

---

[4]Additionally, at the time of the shooting, the defendant was a convicted felon. Therefore, apparently, the defendant was in violation of federal law by merely possessing the weapon which he used, allegedly, in self-defense.

to prepare for pretrial motion practice and for trial, given the number of defendants and the amount of discovery provided by the government. This discovery, of course, includes multiple telephone calls intercepted pursuant to a Title III authorization, as well as surveillance and other evidence. While it is true that at least some of the defendants objected to a trial date occurring after the summer of 2009, based on the calendar of counsel for the government as well as the court, the September 29 trial date was the earliest available practical date.

The delay in this case has not been as a result of trial strategy by the government. Rather, the delay was caused by the complexity of the case, the number of defendants and the competing interests of all counsel, including counsel for the defendants. The government has not, in this case, unreasonably extended the period of pretrial detention. Immediately after the defendants were in custody, the court met with counsel to discuss discovery and set deadlines for the filing of pre-trail motions. [Record Doc. 211]. Thereafter, trial was set for September 28, 2009. The Government has neither sought, nor gained, trial advantage by the length of pre-trial detention.

Nevertheless, the most troubling due process issue in this case is the length of the pretrial detention. Here, the defendant will have remained in pretrial detention for over one year before his trial commences. Counsel for the defendant argues that this is impermissibly long under the due process clause. Counsel for the defendant has cited this court to no authority for that specific proposition. Similarly, counsel for the government has failed to cite the Court to any authority in support of its position that pretrial detention

of over one year does not violate the due process clause.

As the Supreme Court recognized in *Salerno*, and as the Fifth Circuit recognized in *Hare*, the due process analysis must be made on a case-by-case basis. Nevertheless, some guidance can be gained from other cases which have decided this issue. See *United States v. Ojeda Rios*, 846 F.2d 167,169 (2d Cir. 1988) (32 months of pretrial incarceration violated the *due process clause); United States v. Millan*, 4 F.3d 1038, 1044 (2d Cir. 1993) (30 to 31 months pretrial incarceration did not violate the due process clause); *United States v. El-Gabrowney*, 35 F.3d 63, 65 (2d Cir. 1986) (27 months pretrial detention did not violate the due process clause).

Recently, Magistrate Judge Methvin recognized that the length of detention alone is not dispositive, and it carries no fixed weight in the due process analysis. *United States v. Flores*, 2007 WL 4553965, *2 (W.D. La, 2007) *citing*, *United States v. Zannino*, 798 F.2d 544, 548-49 (1ˢᵗ Cir. 1986). The undersigned agrees with Judge Methvin's analysis.

The undersigned has been unable to locate any case holding that pretrial detention of one year, in the absence of governmental misconduct, requires release of the defendant when detention is otherwise proper. Here, as set out above, the government has extremely strong evidence to show that the defendant was, at the very least, a large scale supplier of cocaine into St. Martin Parish. The government's evidence further shows large amounts of money in the possession of the defendant; on at least one occasion the defendant had possession of a firearm which he used.

Here, the government has a clearly nonpunitive reason for the detention, and the detention here does not appear excessive in relation to this nonpunitive purpose, that is, the protection of the community. *Milan*, 4 F.3d at 1043, and the cases cited hterein.

Given the complexity of the case, the number of defendants and counsel and the volume of the discovery, the defendant has failed to show any due process violation results from his pre-trial detention. Should the case be further continued and the trial date postponed, the defendant is free to again urge that, at that time, his pre-trial detention violates the due process clause. Until then, the detention order previously entered herein will remain in force.

**IT IS SO ORDERED**.

March 5, 2009, Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE