UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 08-00205-01 |
| VERSUS | JUDGE DOHERTY |
| DARIUS NATHANIEL FISHER | MAGISTRATE JUDGE HILL |

## ORDER

Currently pending before the Court is the "Government's Motion in Limine to Exclude Defendant Darius Fisher's Physical Evidence." [Doc. 421] In the motion, the government argues defendant has failed to comply with FED R. CRIM. P. 16, as well as this Court's Scheduling Order, in that defendant has failed to provide any discovery in response to the government's request for discovery made on October 29, 2008. Counsel for the government further notes:

5.

The defendant DARIUS NATHANIEL FISHER has not provided any discovery to the government. During pretrial proceedings before this Honorable Court on September 28, 2009, the government's paralegal met with a defense paralegal in one of the witness rooms concerning discovery material provided by the government. During that meeting the defense paralegal advised that retained counsel for defendant DARIUS NATHANIEL FISHER had ninety-five (95) evidentiary exhibits he intended to introduce during trial.

6.

The defendant's failure to provide discovery was mentioned to this Honorable Court during the proceedings leading up to the declaration of a mistrial and the Court admonished the defense counsel of the possible sanctions for failure to comply with his discovery obligations.

[Doc. 421, pp. 2-3] Accordingly, "the UNITED STATES OF AMERICA respectfully moves this Court to order the exclusion of all physical evidence offered by the defendant DARIUS

NATHANIEL FISHER during his case-in-chief as a sanction for failure to comply with his discovery obligations." [Id. at 4]

> FED R. CRIM. P. 16(d)(2) provides as follows:
>
> **(2) Failure to Comply.** If a party fails to comply with this rule, the court may:
>
> (A) order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions;
>
> (B) grant a continuance;
>
> (C) prohibit that party from introducing the undisclosed evidence; or
>
> (D) enter any other order that is just under the circumstances.

The Fifth Circuit has stated:

> Implicit in the discretion granted the district court under rule 16(d)(2) is that the district court, in deciding what sanction to impose, consider several factors: 'the reasons why disclosure was not made, the extent of the prejudice, if any, to the opposing party, the feasibility of rectifying that prejudice by a continuance, and any other relevant circumstances.' 8 Moore's Fed. Practice P 16.04(3) (2d Ed. 1981). The court must then enter such order as, in the words of rule 16(d)(2), 'it deems just under the circumstances.' This means that the court should impose the least severe sanction that will accomplish the desired result - prompt and full compliance with the court's discovery orders.

U.S. v. Sarcinelli, 667 F.2d 5, 7-8 (5th Cir. 1982).

To date, defendant has filed no response whatsoever to the government's motion; accordingly, the Court presumes the motion is unopposed.[1] However, giving defendant all benefit of the doubt (as perhaps his trial strategy has changed since the declaration of the mistrial), and because it appears a less severe sanction can be entered which will accomplish the desired result,

---

[1] The motion was filed on February 16, 2010. Pursuant to this Court's case-specific Scheduling Order, any response to the motion was due within five days of service of the motion. [Doc. 219, p.7] Pursuant to the local rules (which were superceded by this Court's case-specific scheduling order), any response was due within twenty-one days of service of the motion. LR 7.5W. Thus, pursuant to either rule, any response is past due.

defendant's motion is DENIED IN PART AND GRANTED IN PART. The government's request to prohibit the introduction of any physical evidence is, at this time, denied. However, the Court hereby ORDERS that counsel for Mr. Fisher must comply with his discovery obligations and provide the government with **all discovery** to which it is entitled pursuant to FED R. CRIM. P. 16, **NO LATER THAN 12:00 P.M. MONDAY, MARCH 15, 2010. Failure to comply will result in this Court's granting the government's motion to prohibit use of any physical evidence. Additionally, counsel for Mr. Fisher is hereby placed ON NOTICE that should he fail to comply with this order, not only will he be prohibited from introducing any unproduced evidence at trial, but he additionally is at risk of being held in contempt of court.**

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana this ___10th___ day of March, 2010.

 _____
 REBECCA F. DOHERTY
 UNITED STATES DISTRICT JUDGE